UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: BARBARA M. BERMEA | ) |
| Debtor, | ) |
| | ) No. 18 C 1207 |
| BARBARA M. BERMEA, | ) Judge Sara L. Ellis |
| Appellant, | ) |
| v. | ) |
| ATKINS REAL ESTATE, LLC, ET AL., | ) |
| Appellee. | ) |

## OPINION AND ORDER

This appeal arises out of a Chapter 13 bankruptcy petition Debtor-Appellant Barbara Bermea filed and the subsequent order of the bankruptcy court to convert that Chapter 13 petition to a Chapter 7 Petition. Bermea appeals that order, arguing that the bankruptcy court incorrectly determined that a judgment entered against her in the Circuit Court of Cook County for approximately $3.4 million (the "Judgment") placed her over the debt limit for eligibility for Chapter 13 bankruptcy protection. Because the bankruptcy court correctly determined that the Judgment was noncontingent at the time Bermea filed for Chapter 13 protection, the Court affirms the Bankruptcy Court's order.

## BACKGROUND

In 2017, Bermea had fallen behind on the property tax payments on her home to the tune of $34,631 and Appellee Atkin Real Estate, LLC ("Atkin") purchased her tax debt. Attempting to pay off her tax debt, Bermea sought a loan. In the process of seeking this loan she discovered that in December 2014, the Circuit Court of Cook County entered a judgment against her and

two others for approximately $3.4 million, which included $3 million of punitive damages. Presumably unable to obtain a loan to pay her tax debt, Bermea filed for Chapter 13 bankruptcy. Under Chapter 13, she would be able to pay the tax debt over the course of five years and avoid losing her home.

In her original Chapter 13 schedules, Bermea listed the $3.4 million judgment as a secured judgment that she disputed. Atkin moved to dismiss the Chapter 13 action, arguing that because Bermea's debts included a $3.4 million secured judgment, she exceeded the debt limits for eligibility for Chapter 13 protection. But, the day before presentment of Atkin's motion, Bermea amended her schedules to denote that the Judgment was not secured and contingent and, therefore, not included in the debt limit calculation. Amado and Linda Pascual, the individuals to whom Bermea owed the Judgment, then filed a motion to convert the Chapter 13 matter to one under Chapter 7 of the bankruptcy code. On January 11, 2018, the bankruptcy court granted the motion to covert. Bermea filed a motion to vacate the order converting the matter to a Chapter 7 case, which the bankruptcy court denied on February 1, 2018. Then, on February 8, 2018, the judge in the Cook County case vacated the $3.4 million judgment. Bermea filed her notice of appeal for the bankruptcy matter on February 15, 2018.

## LEGAL STANDARD

Under 28 U.S.C. § 158(a)(1), this Court has jurisdiction to hear appeals from final judgments, orders, and decrees of a bankruptcy court. The Court reviews a bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *Kovacs v. United States*, 739 F.3d 1020, 1023 (7th Cir. 2014).

## ANALYSIS

On appeal, Bermea argues that the bankruptcy judge improperly converted her Chapter 13 bankruptcy filing to one under Chapter 7 because he incorrectly concluded that the Judgment should count towards the debt cap eligibility under Chapter 13. Pursuant to 11 U.S.C. § 109(e), eligibility to be a debtor under Chapter 13 is limited to:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $394,725 and noncontingent, liquidated, secured debts of less than $1,184,200, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $394,725[1] and noncontingent, liquidated, secured debts of less than $1,184,200 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e). Thus, to be eligible for Chapter 13 protection, Bermea's noncontingent unsecured debts must be less than $394,725 on the date of filing her Chapter 13 petition. *See In re Pantazelos*, 540 B.R. 347, 350 (Bankr. N.D. Ill. 2015) (eligibility is based on debts as of the petition date and not on events that may occur after the petition is filed). There is no dispute that the Judgment is an unsecured debt. This appeal turns on the sole question of whether the debt created by the Judgment was contingent on the date Bermea filed: June 20, 2017.

Generally, bankruptcy courts consider a debt contingent if it "is one conditioned upon some future event that is uncertain." *Saint Catherine Hosp. of Ind., LLC v. Ind. Family & Soc. Servs. Admin.*, 800 F.3d 312, 317 (7th Cir. 2015). And, typically, tort claims are noncontingent because "all the events upon which the litigation is based have occurred." *In re Waller*, No. 00 C 7312, 2001 U.S. Dist. LEXIS 2057, at *7 (N.D. Ill. Feb. 27, 2001). The bankruptcy court is not concerned with "whether or not the finder of fact will ultimately determine that those events

---

[1] The amounts in this section are adjusted every three years in the manner prescribed in 11 U.S.C. § 104(a).

3

actually occurred and impose liability." *Matter of McGovern*, 122 B.R. 712, 716 (Bankr. N.D. Ind. 1989). The Seventh Circuit has firmly rejected the idea that a debt based on a legal claim becomes noncontingent only upon a final judgment that makes the claim immediately due. *In re Knight*, 55 F.3d 231, 236 (7th Cir. 1995). Contingency depends rather on when the obligation to answer for a claim arises. *Id.* (a claim is noncontingent where "all of the allegations upon which the fact of liability is based relate to events that have already occurred"). Therefore, once all the conduct underlying the claim has occurred, the claim is no longer contingent. Here, at the time Bermea filed her Chapter 13 petition, not only had all of the conduct underlying the Pascuals' claim against her already occurred, the claim had been reduced to a judgment. Thus, the claim was no longer contingent for Chapter 13 purposes.

However, Bermea argues that the Pascuals' claim against her was contingent at the time of filing because she disputes the claim and because at the time she filed the Chapter 13 petition, the Judgment was not final. She argues that her dispute is different than "a garden-variety dispute like happens in so many cases," because she disputes the occurrence of the events giving rise to the claim. Doc. 12 at 11. Specifically, Bermea says she was not an officer of the company that defrauded the Pascuals and that she did not do anything that caused them damages. And though at the time Bermea filed her Chapter 13 petition she was subject to the Judgment arising from the Pasquals' claim, she argues that the Judgment was not final and was still subject to vacatur and was not yet appealable. Bermea provides no support for her argument that where a party disputes a claim more than is typical (whatever that means), it is somehow rendered contingent for purposes of Chapter 13 eligibility. As the Seventh Circuit noted in *Knight*, "[b]ankruptcy proceedings are seldom free of disputes about the claims filed against the debtor." *Knight*, 55 F.3d at 234. As such, disputed claims are claims, and "a disputed claim is a debt to

be included when calculating the § 109(e) requirements." *Id*. Therefore, the fact that Bermea disputes the Pascuals' claim does not make it contingent.

Bermea's second argument, that the Judgment was non-final and therefore contingent, is equally unavailing. As noted above, for purposes of contingency, it is not relevant whether the claim has been reduced to a final judgment. *Id.* at 236. The existence of a judgment of any kind is beside the point in the contingency analysis. The touchstone of this analysis is whether the party's liability is contingent on the occurrence of some future event. *Id.* While Bermea tries valiantly to convince the Court that such future events include the imposition of a final judgment, this is not the case. *Id.* (rejecting the argument that "a debt becomes noncontingent only when a triggering event (such as the entry of final judgment) occurs to make the claim immediately due.").

Bermea also argues that Illinois Supreme Court Rule 304(a) is unique and counsels finding that the debt was contingent at the time of the filing. Rule 304(a) states that when a judgment is entered as to fewer than all parties in a suit, that judgment is not enforceable or appealable until judgment is entered as to all remaining parties or the trial court makes a finding that there is no just reason for delaying enforcement or appeal. This rule is far from unique; it is nearly identical to Federal Rule of Civil Procedure 54(b). Regardless, it makes no difference. The finality of the judgment is not relevant to the contingency of the debt. Therefore, Bermea does not prevail on this argument either.

Finally, the subsequent vacatur of the Judgment does not alter the analysis. Post-petition events are generally not relevant to the Chapter 13 eligibility analysis. *See In re Rios*, 476 B.R. 685, 688 (Bankr. D. Mass. 2012) ("[E]ligibility for Chapter 13 is based upon debts as of the petition date and not upon post-petition events such as allowed claims, filed claims, or treatment

of claims in a confirmed Chapter 13 plan." (citing *In re De Jounghe*, 334 B.R. 760, 768 (B.A.P. 1st Cir. 2005))). Bermea concedes this much in her Reply, but the Court notes this all the same because the parties included quite a few pages discussing the fact that this Judgment was vacated.

## CONCLUSION

Therefore, for the foregoing reasons the Court affirms the bankruptcy court's order. The civil case is terminated.

Dated: October 22, 2018

                                              SARA L. ELLIS
                                              United States District Judge